UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SOFT SERVE FRUIT CO. LLC,                                 :

                  Plaintiff,             :          17 CV 9735 (ER)

      -against-                                :

BC HOSPITALITY GROUP LLC and                         :          **ANSWER AND COUNTERCLAIM**
ESQUARED HOSPITALITY LLC,

                              :

                Defendants.           :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

BC HOSPITALITY GROUP LLC                              :

               Counterclaimant,       :

      -against-                                :

SOFT SERVE FRUIT CO. LLC,                             :

          Counterclaim Defendant.      :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

      Defendants BC Hospitality Group LLC and ESquared Hospitality LLC, by their

attorneys, as and for their Answer to the Complaint, allege as follows:

      1.     Deny knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 1 of the Complaint.

      2.     Deny the allegations contained in paragraph 2 of the Complaint, except admit that

Defendants opened their first by CHLOE. casual vegan restaurant in New York in July 2015 and

that they have since opened additional locations in New York City, Boston and Los Angeles.

Further answering the allegations contained in paragraph 2 of the Complaint, Defendants state

that they have sold prepackaged non-dairy frozen desserts at their flagship New York location

from its opening and that they denied allegations by Plaintiff prior to the opening of Defendants'

first restaurant that the by CHLOE. name was likely to be confused with Plaintiff's use of the

CHLOE'S alleged mark for its specialty dessert shop or products.

3.    Deny the allegations contained in paragraph 3 of the Complaint.

4.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

5.    Deny the allegations contained in paragraph 5 of the Complaint, except admit that Plaintiff purports to bring an action for the claims set forth therein.

6.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7.    Admit the allegations contained in paragraph 7 of the Complaint, except states that the mark used is by CHLOE.

8.    Admit the allegations contained in paragraph 8 of the Complaint, except states that the mark used is by CHLOE.

9.    Admit the allegations contained in paragraph 9 of the Complaint.

10.    Admit the allegations contained in paragraph 10 of the Complaint.

11.    Admit the allegations contained in paragraph 11 of the Complaint.

12.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

15.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint.

2

16.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

17.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

18.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint.

19.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint.

20.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint.

21.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint.

22.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint.

23.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint.

24.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint.

25.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint.

26.     Deny the allegations contained in paragraph 26 of the Complaint.

27.     Admit the allegations contained in paragraph 27 of the Complaint, except state that Defendants use the official name by CHLOE. and have also opened a by CHLOE. restaurant in Providence, Rhode Island.

28.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint, except admit that Defendants announced their plans for their first by CHLOE. restaurant in 2015 slated to be opened in the Greenwich Village area of Manhattan.

29.     Deny the allegations contained in paragraph 29 of the Complaint, except admit that Plaintiff's CEO Michael Sloan and Esquared's CEO Jimmy Haber exchanged emails regarding the opening of Defendants' restaurant, and respectfully refer the Court to the full emails, which speak for themselves, in response to any allegations pertaining to the contents thereof.

30.     Deny the allegations contained in paragraph 30 of the Complaint, except admit that Plaintiff's in-house counsel sent Defendants a letter on or around April 29, 2015 regarding Plaintiff's purported concern about Defendants' use of the by CHLOE. name, and respectfully refer the Court to the letter, which speaks for itself, in response to any allegations pertaining to the contents thereof

31.     Deny the allegations contained in paragraph 31 of the Complaint, except admit that on or around May , 2015, Defendants' counsel sent a response to Plaintiff's counsel denying any alleged infringement, and respectfully refer the Court to the letter, which speaks for itself, in response to any allegations pertaining to the contents thereof.

32.     Deny the allegations contained in paragraph 32 of the Complaint, except admit that Defendants have grown their business in the past two years without any further objection from Plaintiff prior to this lawsuit.

33.     Deny the allegations contained in paragraph 33 of the Complaint, except admit that the vegan chef Chloe Coscarelli is not presently involved with Defendants' operations after an arbitration resolved in Defendants' favor.

34.     Deny the allegations contained in paragraph 34 of the Complaint, except admit that Defendants have opened additional by CHLOE. vegan restaurants and a SWEETS by CHLOE. shop located next to their Bleecker Street restaurant.

35.     Deny the allegations contained in paragraph 35 of the Complaint.

36.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint.

37.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint.

38.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint.

39.     Deny the allegations contained in paragraph 39 of the Complaint, except admit that Defendants have offered for sale prepackaged, non-dairy frozen desserts since they opened their first by.CHLOE restaurant, including products pictured in paragraph 39 of the Complaint.

40.     Deny the allegations contained in paragraph 40 of the Complaint, except admit that Defendants plan to sell their prepackaged frozen desserts through various retail food channels and had begun soliciting orders in such channel prior to the filing of this lawsuit.

31446/000/2391380.1

41.     Deny the allegations contained in paragraph 41 of the Complaint, except admit that Defendants have used script for the CHILL portion of the name on their frozen dessert products.

42.     Deny the allegations contained in paragraph 42 of the Complaint.

43.     Deny the allegations contained in paragraph 43 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the ingredients in Plaintiff's products.

44.     Admit the allegations contained in paragraph 44 of the Complaint, except states that Defendant BCHG uses the names by CHLOE., SWEETS by CHLOE. and CHILL by CHLOE.

45.     Admit the allegations contained in paragraph 45 of the Complaint.

46.     Deny the allegations contained in paragraph 46 of the Complaint, except admit that BCHG owns the pending federal trademark applications listed in paragraph 46 of the Complaint, and respectfully refer the Court to those applications, which speak for themselves, in response to any allegations containing to the contents thereof, including alleged dates of first use or filing dates comprising potential priority dates.

47.     Deny the allegations contained in paragraph 47 of the Complaint.

48.     In response to the allegations contained in paragraph 47 of the Complaint, admit that Defendants are not associated with Plaintiff and have never been authorized by Plaintiff to use the mark CHLOE'S, but deny that any such authorization is required for Defendants' use of the by CHLOE. mark.

49.     Deny the allegations contained in paragraph 49 of the Complaint.

6

50.    Deny the allegations contained in paragraph 50 of the Complaint.

51.    Deny the allegations contained in paragraph 51 of the Complaint.

52.    Defendants repeat and reallege their responses to paragraphs 1-51 of the Complaint with the same force and effect as if set forth fully herein.

53.    Deny the allegations contained in paragraph 53 of the Complaint.

54.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Complaint.

55.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Complaint.

56.    Deny the allegations contained in paragraph 56 of the Complaint.

57.    Deny the allegations contained in paragraph 57 of the Complaint.

58.    Deny the allegations contained in paragraph 58 of the Complaint.

59.    Deny the allegations contained in paragraph 59 of the Complaint.

60.    Deny the allegations contained in paragraph 60 of the Complaint, except admit that prior to their launch of the by CHLOE. restaurants, Plaintiff notified Defendants of their alleged rights in the CHLOE'S mark.

61.    Deny the allegations contained in paragraph 61 of the Complaint.

62.    Deny the allegations contained in paragraph 62 of the Complaint.

63.    Defendants repeat and reallege their responses to paragraphs 1-62 of the Complaint with the same force and effect as if set forth fully herein.

64.    Deny the allegations contained in paragraph 64 of the Complaint.

31446/000/2391380.1

65.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the Complaint.

66.     Deny the allegations contained in paragraph 66 of the Complaint.

67.     Deny the allegations contained in paragraph 67 of the Complaint.

68.     Deny the allegations contained in paragraph 68 of the Complaint.

69.     Deny the allegations contained in paragraph 69 of the Complaint.

70.     Deny the allegations contained in paragraph 70 of the Complaint, except admit that in 2015, Plaintiff notified Defendants of Plaintiff's alleged rights in the CHLOE'S mark.

71.     Deny the allegations contained in paragraph 71 of the Complaint.

72.     Deny the allegations contained in paragraph 72 of the Complaint, except admit that in 2015, Plaintiff notified Defendants of Plaintiff's alleged rights in the CHLOE'S mark.

73.     Deny the allegations contained in paragraph 73 of the Complaint.

74.     Deny the allegations contained in paragraph 74 of the Complaint.

75.     Defendants repeat and reallege their responses to paragraphs 1-74 of the Complaint with the same force and effect as if set forth fully herein.

76.     Deny the allegations contained in paragraph 76 of the Complaint.

77.     Deny the allegations contained in paragraph 77 of the Complaint.

78.     Deny the allegations contained in paragraph 78 of the Complaint.

79.     Deny the allegations contained in paragraph 79 of the Complaint, except admit that Plaintiff notified Defendants in 2015 of Plaintiff's alleged prior rights.

80.     Deny the allegations contained in paragraph 80 of the Complaint.

81.    Deny the allegations contained in paragraph 81 of the Complaint.

82.    Deny the allegations contained in paragraph 82 of the Complaint.

83.    Defendants repeat and reallege their responses to paragraphs 1-82 of the Complaint with the same force and effect as if set forth fully herein.

84.    Deny the allegations contained in paragraph 84 of the Complaint.

85.    Deny the allegations contained in paragraph 85 of the Complaint.

86.    Deny the allegations contained in paragraph 86 of the Complaint.

87.    Deny the allegations contained in paragraph 87 of the Complaint, except admit that Plaintiff notified Defendants in 2015 of Plaintiff's alleged prior rights.

88.    Deny the allegations contained in paragraph 88 of the Complaint.

89.    Deny the allegations contained in paragraph 89 of the Complaint.

90.    Deny the allegations contained in paragraph 90 of the Complaint.

91.    Defendants repeat and reallege their responses to paragraphs 1-91 of the Complaint with the same force and effect as if set forth fully herein.

92.    Deny the allegations contained in paragraph 92 of the Complaint.

93.    Deny the allegations contained in paragraph 93 of the Complaint.

94.    Deny the allegations contained in paragraph 94 of the Complaint.

95.    Deny the allegations contained in paragraph 95 of the Complaint.

96.    Defendants repeat and reallege their responses to paragraphs 1-95 of the Complaint with the same force and effect as if set forth fully herein.

97.    Deny the allegations contained in paragraph 97 of the Complaint.

98.     Deny the allegations contained in paragraph 98 of the Complaint.

99.     Deny the allegations contained in paragraph 99 of the Complaint.

100.    Deny the allegations contained in paragraph 100 of the Complaint.

101.    Deny the allegations contained in paragraph 101 of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

102.    The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

103.    The Complaint is barred in whole or part by the doctrine of laches.

### THIRD DEFENSE

104.    The Complaint is barred in whole or part by the doctrine of acquiescence.

### FOURTH DEFENSE

105.    The Complaint is barred in whole or part by the doctrine of estoppel.

### FIFTH DEFENSE

106.    Upon information and belief, Plaintiff has not established secondary meaning in the mark CHLOE'S in some or all parts of the United States, some or all channels of trade and/or for some or all of the products or services it offers.

### SIXTH DEFENSE

107.    Upon information and belief, Plaintiff has not established continuous and valid common law trademark rights in the CHLOE'S mark in various parts of the United States as of the October 13, 2015 date of registration for BCHG's by CHLOE. and Design mark registered under Reg. No. 4,833,607.  Accordingly, upon information and belief, under 15 U.S.C. § 1072, Plaintiff cannot claim trademark rights in the CHLOE'S mark that are superior to BCHG in any

parts of the United States where Plaintiff had not established valid trademark rights in the CHLOE'S mark as of October 13, 2015.

## COUNTERCLAIM OF DEFENDANT BC HOSPITALITY GROUP LLC
### (In the Alternative)

Defendant Counterclaimant BC Hospitality Group LLC ("BCHG"), as and for its Counterclaim against Plaintiff Soft Serve Fruit Co. LLC ("Soft Serve"), alleges as follows:

### THE PARTIES

1.      Counterclaimant BCHG is a New York limited liability company with a principal place of business at 950 Third Avenue, New York, New York 10022.

2.      Upon information and belief, Counterclaim Defendant Soft Serve is a Delaware limited liability company with its principal place of business at 37 W.17th Street, New York, New York.

### JURISDICTION AND VENUE

3.      This Court has jurisdiction over this Counterclaim pursuant to 15 U.S.C. §§ 1119 and 1121, and 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

4.      Jurisdiction and venue in this Court are appropriate because the Counterclaim arises out of the same transactions or occurrences as the main claims asserted by Soft Serve in this action.

### FACTS RELEVANT TO COUNTERCLAIM

5.      BCHG maintains in this action that there is no likelihood of confusion between its use of the mark by CHLOE. and Soft Serve's use of the mark CHLOE'S.  However, BCHG brings this Counterclaim, in the alternative, in the event that Soft Serve should prevail on its claims that Defendants' by CHLOE. mark infringes upon prior valid common law trademark rights established by Soft Serve in the CHLOE'S mark.

11

6.      On or about December 9, 2014, BCHG (then known as CCSW LLC) filed Application Serial No. 86/474,876 (the "Application") to register the mark shown below (the "by CHLOE. & Design Mark") for "restaurant and catering services" in International Class 43:



7.      On or about May 19, 2015, the United States Patent & Trademark Office ("USPTO") published the Application for the purpose of opposition by any person who believed he or she would be damaged by registration of the trademark.

8.      Neither Soft Serve nor any other party filed an opposition to the Application.

9.      Accordingly, on October 13, 2015, the USPTO issued Registration No. 4,833,607 (the "Registration") to BCHG (then known as CCSW LLC) for the by CHLOE. & Design Mark for "restaurant and catering services."

10.     Pursuant to 15 U.S.C. § 1072, Soft Serve had constructive notice of the Registration as of October 13, 2015.

11.     Upon information and belief, Soft Serve had not made sufficient and continuous use of the CHLOE'S mark prior to October 13, 2015 to establish secondary meaning and valid common law trademark rights in the CHLOE'S mark in at least certain parts of the United States.

## CLAIM FOR RELIEF
### (In The Alternative, Declaration of Concurrent Trademark Rights)

12.     BCHG repeats and realleges the allegations set forth in paragraphs 1-11 of the Counterclaim above with the same force and effect as if set forth fully herein.

31446/000/2391380.1

13.     In the event that the Court determines that Defendants' use of the by CHLOE. & Design Mark infringes upon any prior valid common law trademark rights established by Soft Serve in the CHLOE'S mark, then the Court should issue a declaration, pursuant to 15 U.S.C. § 1119, determining the parties' respective rights in their marks and declaring that BCHG owns trademark rights in the by CHLOE. & Design Mark that are superior to Soft Serve's claimed rights in the CHLOE'S mark in every territory in the United States where Soft Serve did not establish secondary meaning and valid trademark rights as of October 13, 2015.

## PRAYER FOR RELIEF

WHEREFORE, Defendants demand that judgment be entered against Plaintiff as follows

A.     Dismissing the Complaint in its entirety with prejudice;

B.     Awarding Defendants their reasonable attorneys' fees and costs in connection with the defense of this action;

C.     In the alternative, issuing a declaration, pursuant to 15 U.S.C. § 1119, determining the parties' respective rights in their marks and declaring that BCHG owns trademark rights in the by CHLOE. & Design Mark that are superior to Soft Serve's claimed rights in the CHLOE'S mark in every territory in the United States where Soft Serve did not establish secondary meaning and valid trademark rights as of October 13, 2015; and

D.     Awarding Defendants such other and further relief as the Court may deem just and proper.

Dated: New York, New York
          January 23, 2018

COWAN, LIEBOWITZ & LATMAN, P.C.
Attorneys for Defendants

By: _____
          Richard S. Mandel
          Jonathan Z. King
114 West 47th Street
New York, New York 10036
(212) 790-9200

13

31446/000/2391380.1